# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DANIEL TEMPLE,                     )
        #254316,                       )
                                  )     CIVIL ACTION NO. 9:08-692-TLW-BM
             Petitioner,          )
                                  )
v.                                 )
                                  )     **REPORT AND RECOMMENDATION**
SCDC Department of Correctional;   )
Warden Mr. T. Riley, T.R.C.I.,     )
                                  )
             Respondents.        )
_____ )

       This is a <u>pro se</u> Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on February 27, 2008.[1]  The Respondent filed a return and motion for summary judgment on August 11,  2008. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on August 12, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response.  Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.  On September 16, 2008, Petitioner filed a memorandum in opposition.  This matter is now before the Court for disposition.[2]

## Procedural History

       Petitioner was indicted in June 1998 for distribution of crack cocaine [Indictment No.

---

    [1]<u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

    [2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



98-GS-37-672] and distribution of crack cocaine within the proximity of a school [Indictment No. 98-GS-37-673]. (R.pp. 328-331). Petitioner was represented on these charges by Daniel Day, Esquire, and after a trial by jury beginning on October 28, 1998, was found guilty on the charges. <u>See</u> Respondent's Exhibit 2, pp. 169-170. The trial judge sentenced Petitioner to a term of twenty (20) years for second offense distribution of crack, and to a term of fifteen (15) years, concurrent, and a fine of $10,000.00 for second offense on the proximity charge. <u>See</u> Respondent's Exhibit 2, pp. 176-177.

Petitioner filed a direct appeal, and was represented on appeal by Assistant Appellate Defender Robert M. Pachak, of the South Carolina Office of Appellate Defense, who filed an <u>Anders</u>[3] brief raising the following issue:

> Whether the trial court erred in refusing to grant a directed verdict to the charges of distribution of crack cocaine and distribution within proximity of a school?

(R.p. 182).

The South Carolina Court of Appeals thereafter affirmed Petitioner's convictions and sentences on November 29, 2000. <u>See</u> <u>State v. Dan Temple, Jr.</u>, 2000-UP-729 (S.C.Ct.App. Nov. 29, 2000)(unpublished). (R.pp. 191-192).

Petitioner filed a Petition for Rehearing, following which the South Carolina Court of Appeals filed an Order withdrawing its original opinion, substituting a new opinion, and denying the petition on January 25, 2001. <u>See</u> Respondent's Exhibits 3 and 4.

On February 21, 2001, Petitioner filed a <u>pro se</u> Petition for Writ of Certiorari in the South Carolina Supreme Court, asserting the following claims:

---

[3]<u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967).

2



1.    Did Defense Attorney give Petitioner preliminary hearing after asking for one in writing five (5) months before trial?

2.    Why cases (racial prejudice) like these reaches the Supreme Court? Is it that, in key positions throughout the state and federal agencies, an ensemble of people conspired to illegally manipulate our government violating certain americans citizens' rights?

3.    Why the Supreme Court should intervene? When the county court, the defense attorney and other state agencies, i.e. DSS and the County Hospital set the presendance through actions that are prejudicial and illegal against the Petitioner, the state court of higher authority seeks justification through creating technicality violations rather than principle of law, in order to comply with the lower courts decision.

See Respondent's Exhibit 5.

Petitioner also submitted a "Petition for Writ of Certiorari Additional Amendment", which was filed on March 1, 2001, raising the following issues:

[1].    Petitione[r']s trial counsel rendered ineffective for failing to object to jury instruction that there was a rebuttable presumption of guilt of possession with intent to distribute created by possession of less than 0.28 grams of crack cocaine when the actual amount was 4.32 grains, and that the Petitioner only had to overcome inference state established see Taylor v. State 312 S.C. 179, 439 S.E.2d 820 (1993).

[2].    Petitione[r']s trial counsel was also ineffective for failing to move to suppress evidence of the tape because of lack of evidence, the tape was insufficient base on the clear fact that there was not one lawful grain of evidence that implicated the Petitioness or connected the Petitioness to no such drug transactions that the state contends.

[3].    Petitioner also contends that his counsel was ineffective of distribution of crack cocain case No: 98-GS-37-672 and Warrant No: F679044, because the court lacked subject matter jurisdiction because Petitioner indictment did not allege the necessary amount of crack cocaine received;

[4].    But the forensic Lab Report No: L9713022 Case No:97DV124 results say 4.32 grain and Petitioner received 20year for this amount which is a misdemeanor and a fine . . . . [citation omitted].

[5].    Petitione[r']s lawyer failed to check these facts thus rendering him

3



> ineffective for not doing this as he should have contested the chain of custody. Oconee County Sheriffs office failed to keep the alleged narcotics seized from the appellant in the same condition as it was allegedly seized. Phillip Scott the CI said on Page 56 line 16 to 25 They were put in aluminum foil? The narcotics seized were specified as being wrapped in aluminum foil. But the subsequent drug presented to sled for analyzing was not in the aluminum foil thus showing the evidence may have been tampered with or may not have been the alleged narcotics that was seized thus the chain of custody had been broken and the State cannot produce the alleged drug in the aluminum foil and did not in fact do so. See transcript page 87 line 13-25. Sgt. Kenny Washington said I don't think it was in this particular one, line 18. So, if feel Good said he put it in aluminum foil and gave it to you, you don't remember any aluminum foil? Line22, not in this case.

<u>See</u> Respondent's Exhibit 6.

On June 7, 2001, the South Carolina Supreme Court denied certiorari.[4] The South Carolina Court of Appeals then issued the Remittitur on June 8, 2001. <u>See</u> Respondent's Exhibit 8.

Petitioner next filed an Application for Post-Conviction Relief ("APCR") in state circuit court on June 14, 2001; <u>Temple v. State of South Carolina</u>, 01-CP-37-290 (R.pp. 193-202); in which he raised the following issues:

A.    6th Amendment violation[;] ineffective trial attorney and appellate counsel.

1.    Trial counsel was ineffective for failing to investigate case;

2.    Trial counsel was ineffective for lack of subject matter jurisdiction;

3.    Trial counsel was ineffective for Due Process. No Written Motion.

B.    14th Amendment Due process/Lack of subject matter of jurisdiction of trial courts, and conspiracy by withholding information from the case and the appellate court, by

---

[4]Although a copy of this document has not been provided to the Court, the parties do not dispute that the South Carolina Supreme Court denied certiorari on June 7, 2001.



deleting the transcripts.

(R.pp. 194, 198-202).

Petitioner's counsel, Scott D. Robinson, later filed an amended APCR dated June 3, 2004, in which

he raised the following issues:

      1.    Ineffective Assistance of Counsel

          a.    failing to investigate

          b.    failure to object to certain testimony

          c.    failure to file <u>Brady</u>[5] motion and obtain <u>Brady</u> materials

      2.    Subject Matter Jurisdiction

          a.    defective indictment

          b.    defective search warrant

(R.p. 211).

An evidentiary hearing was held in the matter on August 9, 2004.  (R.pp. 338-505).[6]

At the PCR hearing, Petitioner moved to recuse the PCR judge because the judge had presided over

proceedings involving the Petitioner's son.  The PCR judge denied the motion.  (R.pp. 462-465).

Petitioner then filed a civil action pursuant to 42 U.S.C. § 1983, naming the PCR judge as a

defendant [<u>Daniel Temple, Jr., #254316 v. Unknown Staff Members of OCMH, et al.</u>, Civ. No. 8:04-

0075-BD], which was dismissed without prejudice and without service of process on April 12, 2004

by the Honorable Terry W. Wooten, United States District Judge.  After Petitioner appealed the

---

[5]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

[6]In the interim, on February 25, 2002, Petitioner filed a federal habeas corpus action in this court.  That Petition was dismissed on February 24, 2003, without prejudice, for failure to exhaust state court remedies.  <u>See</u> <u>Temple v. Harrison</u>, Civ. No. 0:02-458.



order dismissing that complaint to the Fourth Circuit Court of Appeals, the PCR judge became aware of the action, and then recused himself on September 13, 2004. <u>See</u> Respondent's Exhibit 9.[7]

A second evidentiary hearing was held before another PCR judge on October 31, 2005, at which Petitioner was represented by Rodney Richey, Esquire. (R.pp. 212-306). On January 26, 2006, the PCR judge issued an order denying the petition in its entirety. (R.pp. 308-318). Petitioner, acting through counsel, filed a notice of appeal dated February 2, 2006. <u>See</u> Attachments to Petition. Subsequent to the filing of this notice of appeal, Petitioner submitted a <u>pro se</u> Motion to Amend Judgment pursuant to Rule 59, S.C.R.Civ.P.; <u>See</u> Attachments to Petition; which was denied by the PCR judge because it was not timely served and because the motion was not properly before the court because it was submitted <u>pro se</u> and after jurisdiction of the case had been transferred to the South Carolina Supreme Court for appeal. <u>See</u> Respondent's Exhibit 12; <u>see also</u> <u>Foster v. State</u>, 379 S.E.2d 907 (S.C. 1989)[PCR petitioner, represented by counsel, did not have any right to hybrid representation]; <u>Koon v. Clare</u>, 527 S.E.2d 357 (S.C. 2000)[same]. Respondent also notes that, since Petitioner had already filed the Notice of Intent to Appeal the denial of his PCR application, the Court of Common Pleas no longer had jurisdiction to hear this motion. <u>Cf.</u> <u>State v. Hawkins</u>, 114 S.E. 538, 539-541 (S.C. 1922).

Petitioner's PCR appellate counsel, Tara Dawn Shurling, Esquire, filed a petition for writ of certiorari in the South Carolina Supreme Court raising the following issue:

> Was defense counsel ineffective in failing to vigorously defend against the prosecution's case, which was based on the testimony of an unreliable undercover operative with little or no corroboration?

---

[7]On February 4, 2005, the Fourth Circuit Court of Appeals affirmed the judgment of the District Court.



<u>See</u> Respondent's Exhibit 13, p. 2.

On January 10, 2008, the South Carolina Supreme Court denied the petition. <u>See</u> Respondent's Exhibit 15. The Remittitur was issued on January 28, 2008. <u>See</u> Respondent's Exhibit 16.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

**GROUND ONE:** **Ineffective Assistance of Counsel**. The Petitioner Dan Temple, Jr. hereby upon allegations that petitioner's counsel was ineffective. The petitioner set forth the grounds to establish that trial counsel was ineffective, and is partly the reason that petitioner is being held in custody unlawfully:

    (A.)    The Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 14 of the South Carolina Constitution.

           The Petitioner further states that following which support this ground for ineffective assistance of counsel. . .

    (B)    The petitioner was provided with deficient representation by his attorney, in that the conduct of his attorney was objectively unreasonable under the circumstances. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The outcome of the petitioner's proceeding was prejudiced, and it is reasonable probable that the outcome would have been different and counsel's performance not been deficient. <u>Strickland</u>, 466U.S. at 694. Defense counsel was ineffective based on one or more of the following:

    1.    My defense attorney failed to conscientiously discharge his professional responsibilities while he was handling my case.

    2.    My defense attorney failed to effectively challenge the arrest and seizure of the petitioner.

    3.    My defense attorney failed to act as my diligent, conscientious advocate.

    4.    My defense attorney failed to give me his complete loyalty.

7



5.      My defense attorney failed to serve my cause in good faith.

6.      My defense attorney did not have my best interest in mind while he was supposed to be investigating and preparing my case.

7.      My defense attorney neglected the necessary investigations and the preparation of my case.

8.      My defense attorney did not do the necessary legal research.

9.      My defense attorney did not do the necessary factual investigations on my behalf.

10.     My defense attorney did not conscientiously gather any information to protect my rights.

11.     My defense attorney did not try to have any case settled in a manner that would have been to my best advantage.

12.     My defense attorney did not advise me of all my rights or take any of the actions that were necessary to protect and preserve them; knowing that I was not versed in the law.

13.     My defense attorney, knowing I was illiterate in the law, never properly ascertained whether or not I actually understood or comprehended all of the issues that were involved in my case.

14.     My defense attorney never properly consulted with me or kept me informed with what was going on as far as my case was concerned.

15.     My defense attorney never explained to me or discussed with me any of the elements of the crime charged.

16.     My defense attorney never made an attempt to ascertain whether or not I actually knew the elements for the crime charged were or whether or not I understood exactly what the term "criminal element"actually meant.

17.     My defense attorney never explained to me or discussed with me how the elements of the crime charged and the evidence that the prosecution planned to introduce into evidence against me related to one another and did not discuss how the sentencing would be done especially as it relates to the elements of the crime as in State v. Boyd.



18.  My defense attorney never intended to offer any viable defense to the court, jury on my behalf.

19.  My defense attorney never informed me of any of the defenses that were available to me.

20.  My defense attorney never explained to me or discussed with me any kind of defense strategy.

21.  My defense attorney never explained to me or discussed with me any of the tactical choices that they either made or were planning to make.

22.  My defense attorney dictated to me exactly how my case was going to be handled and offered no alternative options.

23.  My defense attorney failed to properly acquaint [himsel[f] with the law and the facts surrounding my case and as a direct result of their intentional negligence, there was a very serious error in their assessment of both the law and the facts.

24.  Because of my defense attorney's gross neglect and his many legal errors, no viable defense was put in issue for me during the Court proceeding, trial.

25.  My defense attorney did not subject the prosecution's case to any adversarial testing.

26.  My defense attorney failed to oppose the prosecution's case with any adversarial litigation.

27.  My defense attorney failed to function as the government's adversary in any sense of the word.

28.  My defense attorney failed to pursue any of the legal recourse that were available to him.

29.  The attorney that represented me on these charges in Court failed to function as the counsel that the Constitution's Sixth Amendment Guarantees.

30.  My defense attorney failed to call alibi witnesses on my behalf which would have proven my innocense.



Petitioner's counsel representation was not within the range and scope of competence demanded by <u>Strickland</u> and its progeny.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires that the defendant show first, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. <u>Sosebee v. Leeke</u>, S.C. 362 F.2nd 221 (1987), citing <u>Strickland</u>, <u>Butler v. State</u>, 286 S.C. 441, 334 S.E. 2d 813(1985), also <u>Hill v. Bockhart</u>, 474 U.S. 88 (1985).

**GROUND TWO:**     **Violation of Due Process**. The Due Process Clause of the Fourteenth Amendment was violated ... at trial and the PCR hearing .... [a] In an abuse of fairness, several issues were introduced at the PCR hearing held and granted to the State, but the PCR/State court failed to have any of the applicant/petitioner['s] motions related to witnesses at the PCR hearing. The petitioner has put forth several more motions which were denied by the trial/PCR court. The petitioner was also denied motion for authorization of funds to test the authenticity of the State's tape/video evidence.

[b] The petitioner further assert[s] that the state prosecut[or] failed to check court records in reference to exhibits introduced at trial. to make certain all exhibits were at court.

[c] Trial counsel ... allowed the Prosecution to used substituted and replaced drug analysis reports that were previously stricken from the indictment which was used to secure petitioner's conviction. This ... was not rebutted by petitioner's trial/PCR counsel.

[d] The due process issues surrounding the drug analysis demonstrated that the chain of custody was broken. The petitioner's entire case should have been halted and this assertion tested by the Court. The incident report case No. 97/DV124 dated August 30,1997 relating directly to the second report, draws inference that the State intentionally introduced false and misleading reports and testimony to prejudice the proceedings. ...

[e] In an unrelated issue relating to the testimony of the analyst, Mr. Harris, petitioner's trial counsel [violated due process by telling the witness, though code on cross-examination, that counsel was accepting the State's theory of the case] and counsel conspired to [have Petitioner convicted.

[f] Further, defense counsel ... failed to meaningfully address the critical issue of the chain of physical custody of the drugs involved. ...

[g] The petitioner further assert[s] that the prosecution intentionally set forth

10



to prejudice the petitioner by not being specific in the eindictment so as to secure an enhancement for"Distribution" and not an indictment for Possession. This was error under Apprendi.

[h] The trial proceedings [were] not only flawed procedurally, but also Constitutionally as well. The trial court based its assertions of the case solely upon non-existent evidence.(sic) right by with holding (sic) information that the Lab analysis said 4.32 grains and not 0.28 grams. And this is vindictive prosecution(sic) because the petitioner was convicted for a felony of distribution with in (sic) a school zone and 0.4 grams (sic) is insufficient to charge with distribution, it should of been simple possession which is a misdemeanor(sic) and a fine, so the trial courts lack subject mater (sic) of jurisdiction once again, along with prosecutors (sic) miss conduct (sic) in his prosecution (sic) of my case.

**GROUND THREE**: **Violation of (6ᵗʰ) Sixth Amendment Right(s).**

**GROUND FOUR:** **Subject matter Jurisdiction**. The petitioner... will show this Honorable Court that the State of South Carolina PCR/appeal court unjustifiably delayed and denied petitioner's PCR/appeal application, when in fact petitioner deserves relief. ... Petitioner's action was in South Carolina PCR/Appeal courts for Six (6) years. Hence, South Carolina does not truly have a vehicle for relief that is fair and unbias[ed].

**Issue (1)**: The petitioner assert[s] that the State unlawfully used a Nolle Prosse[ed] indictment/charge to secure a conviction in petitioner's case.

**Issue (2)**: The petitioner further assert[s] that defense counsel failed to do research or investigations of the State's case. The grand jury foreman committed perjury when he signed the fraudulent true-billed indictment, which was not considered by the full[y] empaneled grand jury. This further proves a civil conspiracy of the State actors to violate the petitioner's civil and constitutional rights.

**Issue (3)**: [a] The petitioner also assert[s] that the State's case primarily hinged on the illegal search warrant used to illegally search the petitioner's home ... [b] Defense counsel failed to object to the State's introduction of this illegal search warrant that was withheld from the defense and not provided in the Brady discovery request pursuant to Rules 5 and 6, S.C.R.C.P.

**Issue (4)**: The trial court refused to allow the petitioner to dismiss the petitioner's trial counsel, for failure to test the authenti[c]ity and chain of custody of the State's video/audio tape.. Counsel also failed to review any

11



exculpatory evidence involving missing dialogue on the audio tape.

In **Ground Five**, Petition asserts claims of "Cruel and Unusual Punishment" based upon his sentence, and he asserts his "actual innocence." Neither of these allegations were asserted in state PCR.

Further, the "Preliminary Statement" of the supporting memorandum asserts that the "entire PCR process is inherently unconstitutional" based upon the fact it took him five years to exhaust state court remedies. Memorandum, p. 1. Petitioner's "Statement of Fact" alleges that "the State erroneously applied enhanced sentencing methods" because he received a twenty year sentence for.28 grams of crack; that "the indictment was fatally defective;" and that "[t]he chemical analysis was also flawed."Memorandum, pp. 3-5. Finally, he asserts a supposed violation of the Confrontation Clause of the Sixth Amendment because "he was denied his right to cal and confront alibi witnesses  or even the meaningful opportunity to impeach the State's witnesses." Memorandum, p. 6. None of these allegations were exhausted in state PCR.

See Petition, pp. 6-11 (and attachments).[8]

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

_____

[8]Issues as listed in Respondent's Memorandum, some of which is verbatim from the Petition, some of which is summarized.



# I.

The Respondent correctly points out that the only issues presented and exhausted in Petitioner's PCR appeal were ineffective assistance of trial counsel for (1) failure to investigate the box the informant was wearing at the time of the drug transaction or adequately cross- examine the police officer witnesses Washington and Williams about it; (2) failure to elicit testimony that police did not find anything incriminating when they searched his residence; and (3) failure to adequately investigate and challenge the chain of custody of the crack because the chain of custody demonstrated that SLED tested two rocks, whereas the informant only provided one to the officers. See Respondent's Exhibit 13, pp. 6-9. Respondent suggests that these issues are probably covered by items 25 and 26 of Ground One, although it is difficult to determine whether any of the other issues raised in this federal petition were also intended to address the claims pursued in Petitioner's PCR appeal. Therefore, out of an abundance of caution, the undersigned has addressed on the merits *all* of the issues pursued and exhausted in Petitioner's PCR appeal.  See discussion (Section II), infra.[9]

With respect to any other claims being asserted, since Petitioner did not properly pursue any other claims in his PCR appeal[10], any such claims are now barred from further state

---

[9] Because it difficult to determine with certainty where (or even if) Petitioner referenced these issues in his Ground One, the undersigned has not referred to the preserved issues by matching them to specific numbers in the Petition.

[10] In some of Petitioner's issues, it is arguable that he *may* also have intended to assert some claims which could have been pursued on direct appeal. Since Petitioner's counsel filed an Anders brief, claims would have been considered on appeal if they had been properly preserved at trial. However, to the extent that any of these claims even relate to trial issues rather than PCR claims, Petitioner has failed to present evidence that they were preserved at the trial level. Claims could not have been considered in his direct appeal if they were not preserved at trial. See State v. Sullivan, 282 S.E.2d 838, 844 (S.C. 1981)[objection or motion must be raised to trial judge in order to preserve issue for appellate review]; Wilder Corp. v. Wilke, 497 S.E.2d 731, 733 (S.C. 1998)["It is axiomatic



collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971);

<u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757

at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C.

March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there

is no current state remedy for Petitioner to pursue these issues, they are fully exhausted.  <u>Coleman</u>

<u>v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George</u>

<u>v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest

state court nevertheless may be treated as exhausted if it is clear that the claim would be

procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert.</u>

<u>denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th

Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his

claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented

to the state's highest court is technically met when exhaustion is unconditionally waived by the

state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented

to the state court."], <u>cert. denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

        However, even though technically exhausted, since these additional issues were not

properly pursued by the Petitioner in the state court, federal habeas review of these claims is now

---

that an issue cannot be raised for the first time on appeal, but it must have been raised to and ruled
upon by the trial judge to be preserved for appellate review."]  In fact, Petitioner himself complains
about his counsel's failure to object or make motions which would have possibly preserved some of
these issues.  In any event, none of the varied issues Petitioner discusses in his Petition appear to be
claims exhausted in his direct appeal.  <u>See</u> (R.pp. 182, 191-192); <u>see also</u> <u>State v. Primus</u>, 564 S.E.2d
103, 107 (S.C. 2002)[An issue not raised in brief to the Court of Appeals is not properly preserved
for the Supreme Court's consideration on writ of certiorari], <u>overruled on other grounds</u>, <u>State v.</u>
<u>Gentry</u>, 610 S.E.2d 494 (S.C. 2005); Rule 226(d)(2), SCACR.

14



precluded absent a showing of cause and prejudice, or actual innocence.  <u>Wainwright v. Sykes</u>, 433

U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936

(1989).

> In all cases in which a State prisoner has defaulted his Federal claims
> in State court pursuant to an independent and adequate State
> procedural rule, Federal Habeas review of the claim is barred unless
> the prisoner can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of Federal law, or
> demonstrate that failure to consider the claims will result in a
> fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

Giving Petitioner's filings the liberal construction to which they are entitled, it

appears that Petitioner may be alleging ineffective assistance of trial counsel and/or his PCR counsel

as cause for his procedural default, although this is far from clear.  <u>See generally</u> Petitioner's

Memorandum, Supporting Affidavit, and Affidavit of Sufficiency of Witnesses.  In any event, to the

extent that Petitioner is contending that his PCR counsel was ineffective for failing to properly

pursue certain claims in his PCR appeal, this argument does not provide Petitioner relief.  The

United States Supreme Court has held that "if the procedural default is the result of ineffective

assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be

imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default."

<u>Murray</u>, 477 U.S. at 488; <u>see also</u> <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467,

494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective

assistance of counsel is cause <u>per se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d

956, 973 (4th Cir. 1994)(en banc).  However, while ineffective assistance of counsel can constitute

"cause" for a procedural default, it will only constitute "cause" if it amounts to an independent



violation.  Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155,

1159 (9th Cir. 1996).  Here, Petitioner has failed to show the necessary "cause" for a procedural

default because ineffective assistance of PCR counsel does not amount to an independent

constitutional violation and is not therefore "cause" for a procedural default.  Murray v. Giarratano,

492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the

precedents of [the Supreme] Court that requires a State provide counsel in postconviction

proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead

a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the

Constitution requires the State to provide such proceedings,...nor does...the Constitution require [

] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131

F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th

Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v.

Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932  (7th Cir.

1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

        Further, to the extent Petitioner has intended to assert ineffective assistance of trial

counsel as "cause" for his failure to raise certain claims, he has not properly raised that claim to the

state courts (other than with regard to those claims discussed in Section II, infra).  A claim of

ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented

to the state courts as an independent claim before it may be used to establish cause for a procedural

default.'"  Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at

489); cf Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate

counsel may not be asserted as cause to excuse procedural default unless the petitioner has first



presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented this ineffective assistance of counsel claim to the state court for adjudication].  Petitioner has not shown any cause for his failure to present any additional claims of ineffective assistance of counsel in his PCR appeal.  Therefore, they cannot be used as cause for his procedural default of any such unexhausted claims. Tome v. Stickman, 167 Fed.Appx. 320 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).

Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].  Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these issues are not considered. See Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992; Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)).  To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999).  Further, Petitioner must



"demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not

commit the crime of which he was convicted." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 494 (4th

Cir. 1999).  He has failed to do so.

      Therefore, all of the issues presented in Ground One (with the exception of the issues

pursued in Petitioner's PCR appeal, which are discussed in Section II), Ground Two, Ground Three,

Ground Four, and Ground Five of this Petition are procedurally barred from consideration by this

Court, and must be dismissed.[11]  <u>See</u> 28 U.S.C. § 2254.

## II.

      With regard to the ineffective assistance of counsel claims that were pursued and

exhausted in Petitioner's PCR appeal, Petitioner contends that his trial counsel was ineffective for

failing (1) to investigate the box the informant was wearing at the time of the drug transaction or

adequately cross- examine the police officer witnesses Washington and Williams about it; (2) to

elicit testimony that police did not find anything incriminating when they searched his residence;

and (3) to adequately investigate and challenge the chain of custody of the crack because the chain

of custody demonstrated that SLED tested two rocks, whereas the informant only provided one to

the officers.  These issues were raised in Petitioner's APCR, where Petitioner had the burden of

proving the allegations in his petition.  <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>,

474 U.S. 1094 (1986).  The PCR court rejected these claims, making relevant findings of fact and

---

    [11]Although Petitioner also voices numerous complaints about the conduct of his PCR
proceeding, alleged infirmities in PCR proceedings do not state a basis for federal habeas relief.  <u>See</u>
<u>Bryant v. Maryland</u>, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-
conviction proceeding cannot serve as a basis for federal habeas relief]; <u>Wright v. Angelone</u>, 151
F.3d 151, 159 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable
in a federal habeas corpus action].  Therefore, those complaints would be dismissed on that basis if
his allegations were not already subject to dismissal due to the procedural bar.



conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See <u>Temple v. State of South Carolina</u>, No. 01-CP-37-290.

Specifically, the PCR judge found that: 1) the testimony of the Petitioner was not credible on the issues in the case; 2) trial counsel was an experienced criminal law practitioner, having represented many clients charged with drug offenses; 3) trial counsel met with Petitioner on numerous occasions and discussed Petitioner's view of the facts, the evidence the State planned to present at trial as well as possible defenses and strategies for trial; 4) trial counsel thoroughly investigated the case in preparation for trial, including requesting all discovery material and reviewing discovery with the Petitioner; 5) counsel timed the route used by the informant, viewed the scene, interviewed investigating officers, reviewed the videotape with the officer and the Petitioner, conducted legal research, and gathered information on the informant; 6) Petitioner failed to show any impropriety or discrepancies in the videotape used at trial; 7) Petitioner did not show that portions of the tape were missing or that it depicted anything other than what occurred during the transaction; 8) Petitioner failed to show counsel had any ground to request testing of the tape, that testing would have provided any favorable evidence for the Petitioner, or that testing would have led to the exclusion of the videotape at trial; 9) trial counsel properly questioned the State's witness regarding the "box" seen on the informant in the videotape; 10) counsel fully investigated the drug analysis and chain of custody and made appropriate objections and properly explored any discrepancies regarding these matters at trial; 11) counsel talked to all potential witnesses he could find and Petitioner failed to give additional information to locate the other witnesses about which the Petitioner complains; 12) the chain of custody, the drug analysis, and the videotape were not objectionable, and Petitioner failed to present sufficient evidence to draw these matters into any



doubt; 13) counsel's cross-examination of Washington and Williams sufficiently explored the discrepancies in the State's evidence and Petitioner failed to show that other objections or examination would have had a favorable impact on his case; 14) Petitioner failed to carry his burden of proof; 15) trial counsel's performance did not fall below reasonable professional standards; 16) the search warrant about which Petitioner complains yielded no evidence that was used in his prosecution and was likely issued in connection with different charges; and 17) there is no reasonable probability that the result of the proceeding would have been different but for the alleged errors of trial counsel. (R.pp. 313- 316).

Substantial deference is to be given to the state court's findings of fact. <u>Evans v.</u> <u>Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert.</u> <u>denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert.</u> <u>denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See</u> also <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d 1560, 1568 (4th Cir. 1993), <u>cert.</u> <u>denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th



Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.



Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.  Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  With regard to the allegation that counsel was ineffective for failing to investigate the box the informant was wearing at the time of the drug transaction or adequately cross-examine the police officer witnesses Washington and Williams about this box[12], Petitioner's counsel testified that he reviewed the State's file and video, including that he and the Petitioner viewed the video alone so that they could rewind it as much as they wanted and discuss everything on the tape as they watched it. (R.pp. 281-282). At the PCR hearing, Williams testified that the black box was a second transmitter that they put on the informant, which was disguised as a beeper so that the informant would not know about the second transmitter.  (R.pp. 273-274).  However, counsel testified that it came out during Williams' testimony that the type of transmitter that Williams was describing did not appear to be what was discussed by previous witnesses.  (R.p. 290).  At that point, counsel testified he "went into that saying that there must be something – there's some discrepancy there.  At that point I tried to bring that out on his testimony.  And then in closing argument I covered that as well."  (R.p. 291).  The trial record confirms that Petitioner's counsel argued in his closing argument that, "[n]o one remembers what everyone saw on there [the informant's belt], a beeper or something hanging from his belt.  And, nobody looked at that.  Nobody checked it; nobody searched it; nobody wanted to find out what was in it.  Apparently not because nobody else saw it.  There it was.  What was in that?"  (R.p. 148).  No ineffective assistance on this issue is presented in this evidence.

---

[12]Petitioner's theory is that the crack cocaine allegedly sold to the informant by Petitioner was in fact already in the box the informant was wearing.



With regard to Petitioner's allegation that his counsel was ineffective for failing to elicit testimony that police did not find anything incriminating when they searched his residence, Petitioner's counsel testified that there was never anything from the search warrant submitted for evidence in this case; (R.p. 296); but that Petitioner did have several other cases pending that the State had not provided him with information on. (R.p. 288). The PCR judge found that the search warrant was likely issued in connection with other charges and was not used in the prosecution of the case that Petitioner was tried for. (R.p. 315). Petitioner's argument that counsel should have brought up this search warrant would not appear to have been sound trial strategy based on this testimony, and certainly does not warrant a finding of ineffective assistance. See also, (R.pp. 275-276).

With regard to Petitioner's claim that his counsel was ineffective for failure to adequately investigate and challenge the chain of custody of the crack because the chain of custody demonstrated that SLED tested two rocks, whereas the informant only provided one to the officers, Petitioner's counsel testified that he reviewed what was contained in the SLED report versus the information and charges and the discovery received from the State to ensure that the report that was actually received was the report from the drugs in this case. (R.p. 281). Counsel testified that he was fully aware of the evidence the State intended to present and discussed that evidence with the Petitioner prior to trial. (R.p. 283). Counsel also testified that he obtained and reviewed the results of the SLED testing on the crack cocaine, and objected to the chain of custody for that evidence and made the State call the SLED analyst for cross-examination. (R.pp. 287-288). Petitioner's counsel was then able to cross examine the SLED analyst, but counsel did not see anything that wasn't typical. (R.p. 288). Counsel testified that he discussed with Petitioner that the officers testified that



there was just one rock while there were two rocks in the report, but that when they disputed and challenged this issue it at trial, "they" said something about breaking it up, but he didn't remember specifically.  (R.pp. 293-294).  At trial, Williams testified that it was a "small beige rock" that was seized, while the SLED analyst later testified under cross-examination about there being two pieces.  (R.pp. 106, 116, 119).  In the State's closing argument, they argued that it was not a big deal that Williams remembered one piece of crack, because he never took custody or control of it, but only saw it briefly on the console.  (R.p. 142).  At the PCR hearing, Williams further testified that he is experienced in handling crack, that it is brittle, and sometimes it breaks apart just like a cookie.  (R.p. 276).  The PCR judge found counsel's testimony credible, that counsel thoroughly investigated the case, that counsel explored discrepancies in the State's case, and that the chain of custody, the drug analysis, and the videotape were not objectionable.  (R.pp. 313-316).

Based on a review of the material and arguments before this Court, the undersigned finds and concludes that Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1). While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689.  There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776



(1987); <u>see also</u> <u>Harris v. Dugger</u>, 874 F.2d 756, 762 (11th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Petitioner has also failed to show that, even if his counsel had more extensively investigated the box the informant was wearing at the time of the drug transaction and more thoroughly cross- examined the police officer witnesses Washington and Williams about it, had elicited testimony to show that police did not find anything incriminating when they searched his residence in connection with another charge, and more thoroughly investigated and challenged the chain of custody of the crack, the outcome of his trial would have been different, and he has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>See</u> <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Therefore, these issues should be dismissed.

## III.

Finally, it is noted that Petitioner complains at different times about a lack of subject matter jurisdiction. However, the ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". <u>Thompson v. Perry</u>, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007). It is not for this Court to determine such issues of state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)["federal habeas corpus relief does not lie for errors of state law."]; <u>Thompson</u>, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina



courts to resolve issues as to whether or not subject matter jurisdiction exists."]; <u>Dew v. Pancake</u>, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"].

As previously noted, Petitioner's claims not addressed on the merits are procedurally barred, and the fact that Petitioner is now (apparently) attempting to raise some issues based on subject matter jurisdiction does not allow him to pursue those other issues on the merits.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 12, 2009

Charleston, SC

26



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

